UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| FABRIC SELECTION, INC., | : |
| Plaintiff and Judgment Creditor, | : |
| - against - | : |
| | : **REPORT AND RECOMMENDATION** |
| A & T TRADING US, INC., | : |
| | : 20 Misc. 864 (ARR) (VMS) |
| Defendant and Judgment Debtor, | : |
| - and - | : |
| TD BANK, N.A., | : |
| Third Party Custodian. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Fabric Selection, Inc. ("Plaintiff") is a judgment creditor with a judgment obtained against A & T Trading US Inc. ("Judgment Debtor") in the United States District Court for the Central District of California. Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5225 of the New York Civil Practice Law and Rules, Plaintiff moved for turnover of Judgment Debtor's money held in three bank accounts operated and maintained by TD Bank, N.A ("TD Bank") in an amount sufficient to satisfy the judgment, plus reasonable costs and post-judgment interest. Plaintiff's motion was referred to this Court by the Honorable Allyne R. Ross.

For the reasons stated below, this Court respectfully recommends that Plaintiff's motion be granted and that an order be entered against TD Bank directing the turnover of funds from Judgment Debtor's three bank accounts in an amount sufficient to satisfy the amount of the judgment plus post-judgment interest accruing until the date of payment. This Court further

1

respectfully recommends that Plaintiff's request for reimbursement of service costs arising from this proceeding be denied at this time, with the possibility of being granted upon Plaintiff's submission of supplemental documentation in support of costs.

**I.  BACKGROUND**

On February 24, 2020, the Honorable Philip S. Gutierrez of the Central District of California entered a default judgment in favor of Plaintiff and against Judgment Debtor for $100,000.00 in statutory damages; $6,600.00 in attorney's fees; and $714.80 costs; for a total amount of $107,314.80.  See ECF No. 1 at 4; ECF No. 2-3 at 4.  Judge Gutierrez also awarded "interest in the amount prescribed by statute."  See ECF No. 2-3 at 4.  On April 10, 2020, Plaintiff registered the judgment in this District pursuant to 28 U.S.C. § 1963.  See ECF No. 1.

On or about April 22, 2020, Plaintiff served an information subpoena and restraining notice on TD Bank pursuant to New York Civil Practice Law and Rules ("CPLR") § 5222.  See ECF No. 2-2 ¶ 5; ECF No. 2-5 (Exhibit C).  Plaintiff asked TD Bank to identify any accounts associated with Judgment Debtor's federal tax identification number and to restrain any monies held in such accounts.  See ECF No. 2-2 ¶ 5; ECF No. 2-5 (Exhibit C).  On April 27, 2020, TD Bank responded by identifying three accounts holding sufficient funds to satisfy the judgment: (i) account 4289365425 belonging to A and T Trading US Inc. containing $96,675.66; (ii) account 4289366423 belonging to A and T Trading US Inc. containing $12,553.78; and (iii) account 4789172677 belonging to A & T Trading US Inc. containing $1,542.84.  See ECF No. 2-6 (Exhibit D).

Thereafter, Plaintiff served a letter on Judgment Debtor demanding satisfaction of the judgment.  See ECF No. 2-7 (Exhibit E).  Judgment Debtor did not respond to Plaintiff's demand

2

and failed to turn over any funds to satisfy the judgment. See ECF No. 2-2 ¶¶ 7-8. TD Bank also did not turn over any of Judgment Debtor's funds to satisfy the judgment. See id. ¶ 9.

Plaintiff moved to compel TD Bank to turn over funds held in the three accounts belonging to Judgment Debtor. See ECF No. 2. This Court issued an Order directing Judgment Debtor and TD Bank to show cause why the Court should not grant Plaintiff's request for turnover of funds sufficient to satisfy its judgment. See ECF No. 5. Judgment Debtor and TD Bank were provided 21 days to oppose Plaintiff's motion. See id. A telephonic show-cause hearing was scheduled for December 1, 2020. See id. In preparation for the conference, Plaintiff served copies of the docket, the Order and the motion papers to Judgment Debtor and TD Bank as ordered by this Court. See ECF Nos. 5-9. Thereafter, Plaintiff modified its motion for turnover to include costs incurred for service, in the total amount of $426.80. See ECF No. 10.

On December 1, 2020, this Court held the telephonic show-cause hearing. See Dkt. Entry 12/1/2020. Counsel, Michael Steger, appeared on behalf of Plaintiff, but neither the Judgment Debtor nor TD Bank appeared. See id.

## II. DISCUSSION

### A. Legal Standard

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 69, which states, in relevant part, "that the 'procedure on execution' in federal court upon a money judgment 'must accord with the procedure of the state where the court is located.'" Mitchell v. Garrison Protective Servs., Inc., 819 F.3d 636, 638 (2d Cir. 2016) (quoting Fed. R. Civ. P. 69(a)(1)). In New York, Article 52 of the CPLR governs the enforcement and collection of money judgments. See N.Y. C.P.L.R. §§ 5201-53; Tire Eng'g & Distrib. L.L.C. v. Bank of China Ltd., 740 F.3d 108, 110 (2d Cir. 2014). Plaintiff seeks relief under Section 5225(b) of this statute.

3

Where property is in possession of a judgment debtor, Section 5225 permits a court, "[u]pon motion of the judgment creditor, upon notice to the judgment debtor, [and] where it is shown that the judgment debtor is in possession or custody of money . . . in which he has an interest, . . . [to] order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor[.]" N.Y. C.P.L.R. § 5225(a). Where property is not in the possession of a judgment debtor, Section 5225 "allows a judgment creditor to commence a [special] proceeding to order a third party to turn over the judgment debtors' assets." Tire Eng'g, 740 F.3d at 110; see N.Y. C.P.L.R. § 5225(b).

Although Section 5225(b) refers to "special proceedings," it is not necessary for a judgment creditor seeking the court's assistance to bring a special proceeding under New York law. See CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018) ("[A] party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding[.]"); Vera v. Republic of Cuba, 802 F.3d 242, 244 n.3 (2d Cir. 2015) ("[T]he filing requirements of a 'special proceeding' under New York law need not be strictly adhered to as long as there is no prejudice to the opposing party in giving notice of the claims and framing the issues.") (citation omitted); Deflora Lake Dev. Assocs., Inc. v. Hyde Park, No. 13 Civ. 4811 (CS), 2016 WL 7839191, at *1 (S.D.N.Y. June 9, 2016), aff'd, 689 F. App'x 93 (2d Cir. 2017), and aff'd, 689 F. App'x 99 (2d Cir. 2017) ("[T]he judgment creditor may seek the relief provided under state law through a motion made in the original federal action.") (citation omitted). Instead, the judgment creditor may bring a motion under Federal Rule of Civil Procedure 69(a). See N. Mariana Islands v. Millard, 845 F. Supp. 2d 579, 581-82 (S.D.N.Y. 2012) (noting that "[n]early every court in this Circuit to consider the issue has held

4

that parties can bring a motion under FRCP 69(a), rather than instituting a special proceeding under the New York state law" and citing cases).

A motion under Rule 69(a) is treated like a summary judgment motion. See Deflora Lake Dev. Assocs., 2016 WL 7839191, at *2 ("The posture of this proceeding is like that of a summary judgment motion.") (citing, inter alia, HBE Leasing Corp. v. Grank, 48 F.3d 623, 633 (2d Cir. 1995)).  "Relief under this section, when based on the parties' submissions alone, can be granted only where there are no genuine issues of material fact and is warranted only if the entire record would inevitably lead a rational trier of fact to find in [plaintiff's] favor." Teamsters Local 456 Pension, Health & Welfare, Annuity, Educ. & Training, Indus. Advancement & Legal Servs. Funds by Picani v. CRL Transp., Inc., No. 18 Civ. 2056 (KMK), 2020 WL 3619048, at *3 (S.D.N.Y. July 2, 2020) (citing Neshewat v. Salem, 365 F. Supp. 2d 508, 525 (S.D.N.Y. 2005), aff'd, 194 F. App'x 24 (2d Cir. 2006)).

### B. The Court Has Jurisdiction Over TD Bank To Order Turnover

As a threshold matter, this Court first determines whether there is jurisdiction over TD Bank to grant the relief Plaintiff seeks.  Plaintiff argues that this Court has personal jurisdiction over TD Bank on the basis that TD Bank is physically located in and is doing business in New York.  See ECF No. 2-1 at 4.

"[A] party seeking a money judgment against a non-party garnishee may proceed by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." CSX Transp., 879 F.3d at 469;  Koehler v. Bank of Bermuda Ltd., 12 N.Y.3d 533, 541 (2009) (noting that "the garnishee, not being a party to the main action, has to be independently subjected to the court's jurisdiction" for a judgment creditor to obtain relief under Section 5225(b)).

General jurisdiction in New York is provided for in CPLR Section 301, which allows a court to exercise "such jurisdiction over persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. § 301.  Prior to the United States Supreme Court's decision in Daimler AG v. Bauman, 571 U.S. 117 (2014), a foreign corporation was subject to general jurisdiction in New York under CPLR Section 301 if it had engaged in "such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction."  McGowan v. Smith, 52 N.Y.2d 268, 272 (N.Y. 1981) (citation & internal quotation marks omitted).  Applying this standard, courts found general jurisdiction over foreign corporations based on the following five factors: "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York."  Landoil Res. Corp. v. Alexander & Alexander Servs., 918 F.2d 1039, 1043 (2d Cir. 1990); see Ellig v. Molina, No. 12 Civ. 7927 (KBF), 2013 WL 1641182, at *2 (S.D.N.Y. Apr. 16, 2013) (finding general jurisdiction over foreign defendant where defendant maintained an office in New York, frequently solicited business in New York and purchased wholesale products in New York).  Courts also found general personal jurisdiction under the "solicitation-plus rule," where "the solicitation [of business in New York] is substantial and continuous, and defendant engages in other activities of substance in the state."  Landoil Res. Corp., 918 F.2d at 1043; JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383, 394 (E.D.N.Y. 2013) (finding that exercise of personal jurisdiction over foreign defendant was warranted where defendant solicited business in New York systematically and continuously and made sustained communications with New York companies).

6

Then, in Daimler, the Supreme Court rejected a standard that would allow the exercise of general jurisdiction in every state in which a corporation is engaged in a "substantial, continuous, and systematic course of business." See Daimler, 571 U.S. at 118, 137 (holding that, "[w]ith respect to a corporation, the place of incorporation and principal place of business" are the paradigm bases for general jurisdiction); J.T. v. de Blasio, No. 20 Civ. 5878 (CM), 2020 WL 6748484, at *14 (S.D.N.Y. Nov. 13, 2020) (characterizing Daimler as "effectively abolish[ing]" the old "doing business" test for general jurisdiction). After Daimler, New York courts also limited the scope of general jurisdiction under CPLR Section 301: "New York courts can exercise general jurisdiction over each [foreign] defendant only if the plaintiffs have established that its affiliations with New York are so continuous and systematic as to render it essentially 'at home' here." Aybar v. Aybar, 169 A.D.3d 137, 144 (2d Dep't 2019). To be considered "at home" in New York, courts have held that, "except in a truly exceptional case," corporations must be incorporated in New York or maintain its principal place of business within this state. See Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 498 (2d Cir. 2020) (citation omitted); Lowy v. Chalkable, LLC, 186 A.D.3d 590, 592 (2d Dep't 2020) ("Aside from "an exceptional case," a corporation is "at home" only in a state that is the company's place of incorporation or its principal place of business"). Conducting substantial business in New York does not rise to the level of an "exceptional case." See SPV OSUS Ltd. v. UBS AG, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015) (finding that "conduct[ing] substantial business" in New York was insufficient to establish exceptional case for general jurisdiction over foreign corporation). A foreign business also does not consent to general jurisdiction in New York by registering to do business in the state. See Chen, 954 F.3d at 499 ("[W]e now hold that a foreign corporation does not

7

consent to general personal jurisdiction in New York by merely registering to do business in the state and designating an in-state agent for service of process under BCL § 1301(a).").

At the outset, this Court notes that TD Bank is not incorporated in New York and does not maintain a principal place of business in New York. See, e.g., 28 U.S.C. § 1348 (noting that national banks are "deemed citizens of the States in which they are respectively located"); Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (holding that national banks are deemed to be located in the state "in which its main office, as set forth in its articles of association, is located"); Campagna v. TD Bank, N.A., No. 20 Civ. 94 (CDL), 2020 WL 7130508, at *2 (M.D. Ga. Dec. 4, 2020) (finding that TD Bank is a Delaware national banking association headquartered in New Jersey); Nucci v. PHH Mort. Corp., No. 14 Civ. 2683 (NGG) (RML), 2015 WL 1476892, at *3 (E.D.N.Y. Mar. 31, 2015) (same); T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A., No. 10 Civ. 2843 (JG) (ARL), 2010 WL 3310262, at *2 n.1 (E.D.N.Y. Aug. 10, 2010) (noting that TD Bank is a citizen of Delaware). Plaintiff does not argue to the contrary. In fact, Plaintiff altogether avoids making any argument regarding TD Bank's place of incorporation or principal place of business. Plaintiff also does not argue that this is a "truly exceptional case" where TD Bank should nevertheless be considered "at home" in New York. Thus, it is necessary to consider whether there is specific jurisdiction over TD Bank.

Specific, or long-arm, jurisdiction in New York is provided for in CPLR Section 302. Section 302(a)(1) provides, in relevant part, that "as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who, in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" N.Y. C.P.L.R. § 302(a)(1). New York courts conduct a "twofold jurisdictional inquiry": (i) "the defendant must have purposefully

availed itself of the privilege of conducting activities within the forum State by either transacting business in New York or contracting to supply goods or services in New York"; and (ii) "the claim must arise from that business transaction or from the contract to supply goods or services." D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro, 29 N.Y.3d 292, 297 (2017).

This Court finds that both prongs are satisfied here and that it is appropriate to exercise specific jurisdiction over TD Bank. It is commonly known that TD Bank is a banking institution that, inter alia, offers various personal banking services. See TD Bank, "About Us," https://www.tdbank.com/aboutus/about_us.html (last visited December 18, 2020); Meola v. Asset Recovery Sols., LLC, No. 17 Civ. 1017 (MKB) (RER), 2018 WL 4660373, at *3 (E.D.N.Y. Sept. 28, 2018) ("The court may take judicial notice of a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, or commonly known within the district court's jurisdiction") (citing Fed. R. Evid. 201). According to Plaintiff, TD Bank is physically located in and is doing business in Kings County, New York through a bank branch on 211 Montague Street. See ECF No. 2-1 at 4; ECF No. 2-2 ¶ 10; ECF No. 2-8 (Exhibit F). By establishing and continuing a branch location in New York, TD Bank is offering its banking services to New York customers and is soliciting the business of such customers. TD Bank thus has "purposefully availed itself" of this jurisdiction through its business activities. See D & R Glob. Selections, S.L., 29 N.Y.3d at 298 ("[P]urposeful availment [under CPLR 302(a)(1)] occurs when the non-domiciliary seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship.") (citation & internal quotation marks omitted); Nike, Inc. v. Wu, 349 F. Supp. 3d 310, 328 (S.D.N.Y. 2018) (finding that the first prong was satisfied where foreign banks maintained physical bank branches in New York, used

9

New York-based correspondent accounts and settlement accounts, and advertised their services in the forum), aff'd, 349 F. Supp. 3d 346 (S.D.N.Y. 2018); Gucci Am., Inc. v. Li, 135 F. Supp. 3d 87, 94 (S.D.N.Y. 2015) (same).

In addition, Plaintiff's motion has a substantial relationship to TD Bank's business of operating and maintaining bank accounts on behalf of New York customers. See D & R Glob. Selections, S.L., 29 N.Y.3d at 298-99 (noting that specific jurisdiction requires an "articulable nexus" or "substantial relationship" between plaintiff's cause of action and defendant's transaction of business in New York); Nike, 349 F. Supp. 3d at 328 (rejecting foreign banks' argument that requisite nexus was lacking because none of the Judgment Debtors' accounts was "maintained" in New York and because none of the Banks' New York operations purportedly "[had] any relationship to the underlying action"). Indeed, Plaintiff is requesting that TD Bank release funds from accounts that TD Bank operates and maintains on behalf of Judgment Debtor, a New York customer. See generally ECF No. 2. Although Plaintiff's submissions do not indicate whether Judgement Debtor's accounts are specifically maintained in New York or at the branch of TD Bank located at 211 Montague Street, TD Bank has not appeared or raised any arguments to show that the requisite nexus is lacking in this case. Thus, it is reasonable to conclude that Plaintiff's claim has a substantial relationship to TD Bank's business activities in New York.

Furthermore, Plaintiff demonstrated that TD Bank was properly served with process. Motions pursuant to Federal Rule of Civil Procedure 69 must be served on a transferee or garnishee "in the same manner as a summons in an action." Saregama India, Ltd. v. Mosley, 12 Misc. 45 (LAK), 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012) (denying motions for turnover orders for lack of personal jurisdiction due to failure to serve process on non-party

10

garnishees); see LaBarbera v. Audax Const. Corp., 971 F. Supp. 2d 273, 282 (E.D.N.Y. 2013) (same). "In providing notice to the garnishee banks, a plaintiff may not rely on the less stringent notice requirement set forth for the judgment debtor, a party who is not a respondent in a turnover proceeding and over whom, unlike respondents in such actions, the court does not need to have personal jurisdiction." Allstate Ins. Co. v. Mirvis, No. 08 Civ. 4405 (PKC) (PK), 2018 WL 4921631, at *10 (E.D.N.Y. Sept. 4, 2018) (citation & internal quotation marks omitted). Plaintiff properly effectuated service of process on TD Bank by serving copies of the Order to Show Cause, the motion, and supporting papers on "Christian Gonzalez," an individual authorized to accept service on behalf of TD Bank, at the bank branch located at 211 Montague Street.[1] See ECF No. 9; Fed. R. Civ. P. 4(h)(1)(B) (permitting service upon corporation through "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

Finding that the Court has personal jurisdiction over TD Bank for this action and the authority to issue a turnover order, this Court next considers whether Plaintiff is entitled to such order.

### C. Plaintiff Has Shown Entitlement To Turnover Order Under CPLR § 5225(b)

Before directing TD Bank to turn over funds, it is necessary to determine whether Plaintiff has shown its entitlement to turnover of funds from TD Bank. CPLR § 5225(b) "requires a two-part showing before the [c]ourt can order the third party to turn over the money to the judgment creditor." Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco,

---

[1] It is insufficient that Plaintiff provided notice to TD Bank by serving copies of the Order to Show Cause, the motion, and supporting papers by certified mail, return receipt requested, first class mail, and facsimile. See ECF No. 6. For purposes of this motion, this Court credits process server Dondre Dennis's sworn statement that "Christian Gonzalez" is indeed authorized to accept service on behalf of TD Bank, even though the affidavit fails to provide a basis for Mr. Dennis's belief.

11

C.A., 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (citation & internal quotation marks omitted); see N.Y. C.P.L.R. § 5225(b) ("Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money . . . where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money[.]"). "The first prong requires that the judgment creditor show the judgment debtor has an interest in the property that the creditor is trying to reach." Commodities & Mins. Enter., 423 F. Supp. 3d at 51 (citation & internal quotation marks omitted). "To satisfy the second prong, the [c]ourt must find either that the judgment debtor is entitled to the possession of such property, or that the judgment creditor's rights to the property are superior to those of the party who controls or possesses that property." Id. (citation & internal quotation marks omitted); Dussault v. Republic of Argentina, 616 F. App'x 26, 27 (2d Cir. 2015) ("To invoke § 5225(b), a judgment creditor must show, inter alia, either that the judgment debtor is entitled to the possession of such property, or that the judgment creditor's rights to the property are superior to those of the party in whose possession it is.") (citation & internal quotation marks omitted).

  The first prong is satisfied here. Plaintiff is the judgment creditor for a judgment against Judgment Debtor, entered on February 24, 2020, in the Central District of California and registered in this District on April 10, 2020. See ECF No. 1. The property that Plaintiff is attempting to reach is funds in Judgment Debtor's three accounts at TD Bank. See id. (finding that first prong of CPLR § 5225(b) was satisfied because judgment creditor was trying to reach judgment debtor's bank account). The fact that two out of three accounts are held in the name "A and T Trading US Inc" instead of "A & T Trading US Inc" is of no moment. TD Bank identified the three accounts in response to a subpoena identifying Judgment Debtor by the same

12

federal tax identification number.  See ECF No. 2-2 ¶¶ 5-6; ECF No. 2-5 (Exhibit C); ECF No. 2-6 (Exhibit D); Coleman v. IRS, No. 17 Civ. 2456 (BMGL) (DLH), 2017 WL 4535281, at *1 (Sept. 15, 2017), R&R adopted, 2017 WL 4512837 (N.D. Tex. Oct. 10, 2017) ("The Court takes notice that EIN stands for Employer Identification Number, is also known as a Federal Tax Identification Number, and is generally used to identify a business entity."); United States v. Spear, 219 F. Supp. 3d 847, 849 (N.D. Ill. 2016) ("Just like a social security number for a natural person, an EIN serves as the tax identification number for a trust or corporate entity."); Magma Power Co. v. United States, 101 Fed. Cl. 562, 569 (2011) ("[T]here seems no better plain meaning of the term "same taxpayer" than "same taxpayer identification number.""); Field Serv. Advice, IRS FSA 199924017 (June 18, 1999) ("The key for identifying a single taxpayer is the taxpayer's TIN.").  Plaintiff has sufficiently shown that all three accounts belong to Judgment Debtor.

The second prong is also satisfied here.  Judgment Debtor is the owner of the accounts held at TD Bank, see ECF No. 2-6 (Exhibit D).  But for the restraining notice Plaintiff served on TD Bank, see ECF No. 2-5 (Exhibit C), Judgment Debtor would be entitled to possession of the funds in such accounts.[2]  Cf. CSX Transp., 879 F.3d at 471 (holding that only the court out of which restraining notice issued may dissolve such notice); Dussault, 616 F. App'x at 27 (holding that because a district court ordered the garnishee to "retain the Funds in its accounts . . . pending

---

[2] The second prong is also satisfied on the alternative theory that Plaintiff has rights to the funds held in the accounts that are superior to those of TD Bank, which currently controls the accounts.  Plaintiff obtained a valid judgment against Judgment Debtor, which the Judgment Debtor has failed to pay.  See ECF No. 1; ECF No. 2-2 ¶ 8.  TD Bank has no legal interest or right to Judgment Debtor's accounts or the funds held within those accounts.  This Court agrees with Plaintiff that, as a judgment creditor, it has rights superior to Judgment Debtor over the funds, but that is not the relevant analysis under CPLR § 5225(b).  See ECF No. 11 at 5:3-6:2.

further Order of this Court," the debtor was not entitled to possession of the funds) (internal quotation marks omitted); Kahara Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 313 F.3d 70, 86 (2d Cir. 2002) ("When a party holds funds in a bank account, possession is established, and the presumption of ownership follows."); Commodities & Mins. Enter., 423 F. Supp. 3d at 51 (finding that second prong of CPLR § 5225(b) was satisfied because judgment debtor was owner of bank account).

Plaintiff has also satisfied CPLR § 5225(b)'s requirement that "[n]otice of the proceeding . . . be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested." N.Y. C.P.L.R. § 5225(b). Plaintiff served copies of the order to show cause, the motion, and supporting papers on Judgment Debtor by certified mail, return receipt requested, see ECF No. 6, and on the New York Secretary of State, see ECF No. 7.[3] See Byrnes v. Eltman Law, P.C., No. 18 Civ. 1485 (ADS) (AKT), 2019 WL 4578922, at *4 (Aug. 22, 2019) (noting that service on corporation through New York Secretary of State is proper method of serving summons under the Federal Rules of Civil Procedure), R&R adopted, 2019 WL 4575380 (E.D.N.Y. Sept. 20, 2019).

This Court thus respectfully recommends finding that Plaintiff, as judgment creditor, is entitled to the funds in Judgment Debtor's bank accounts operated and maintained by TD Bank, up to the amount of the judgment, plus interest.

### D. Plaintiff's Request For Costs

In addition to a turnover order for the satisfaction of judgment in the amount of $107,314.80, Plaintiff requests that the order include reimbursement of costs incurred in serving

---

[3] Plaintiff also attempted to serve notice on Judgment Debtor by personal delivery to a principal of Judgment Debtor but was unsuccessful. See ECF No. 8.

14

the Order to show cause, the motion, and supporting papers on TD Bank and Judgment Debtor. See ECF No. 10. Plaintiff seeks a total of $426.80 for costs of process servers, certified mail service, and statutory fee for service through the New York Secretary of State. See id. ¶ 3.

Rule 69 provides, in pertinent part, that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); see Cappiello v. ICD Publ'ns, Inc., 543 F. App'x 107, 108 (2d Cir. 2013) (applying New York law "[b]ecause there is no federal statute or rule addressing which party is liable for fees incurred [when] executing a judgment"). Because Rule 54 specifically addresses the awarding of costs, this Court will apply Rule 54 instead of New York law[4] to Plaintiff's request for service costs. See Baker v. Power Sec. Corp., 174 F.R.D. 292, 294 (W.D.N.Y. 1997) ("Except in rare circumstances in which some important state interest is implicated, however, the awarding of costs in an action in federal court is controlled by federal law[.]").

Pursuant to Rule 54(d)(1), costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is "one who has favorably effected a material alteration of the legal relationship of the parties by court order." Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir. 2009) (citation & internal quotation marks omitted). Courts in this district have awarded costs to the prevailing party on motions for turnover order under Rule 69(a) and CPLR § 5225(b). See, e.g., Dorchester Fin. Sec. v. Banco BRJ, S.A., No. 02 Civ. 7504 (KMW) (KNF),

---

[4] If New York law were to apply to Plaintiff's request for costs, this Court would denied the request under Section 5225(b) and Article 81 of the CPLR on the basis that neither Judgment Debtor nor TD Bank appeared or disputed Judgement Debtor's interest or right to possession of the monies sought by Plaintiff. See N.Y. C.P.L.R. § 5225(b) ("Costs of the proceeding shall not be awarded against a person who did not dispute the judgment debtor's interest or right to possession."); id. § 8101 ("The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute[.]").

15

2009 WL 5033954, at *4 (S.D.N.Y. Dec. 23, 2009) (awarding costs to prevailing party under Rule 54(d)(1) on motion for turnover order); Phoenician Trading Partners LP v. Iseson, No. 04 Civ. 2178 (CPS), 2004 3152394, at *1 (E.D.N.Y. Dec. 11, 2004) (same). Here, Plaintiff is entitled to costs because it is a "prevailing party." Plaintiff has successfully shown its entitlement to turnover of funds from TD Bank, and this Court respectfully recommended granting Plaintiff's motion.

As for whether the type of costs Plaintiff seeks are rewardable, this Court answers in the affirmative. Courts in this Circuit have recognized that the costs for process servers, certified mailings and statutory fees for service through the New York Secretary of State are reasonable out-of-pocket expenses that are customarily compensable. See, e.g., Local 1922 Pension Fund v. Broadway Elec. Supply, Co., No. 19 Civ. 2344 (JS) (AKT), 2020 WL 1931635, at *14 (E.D.N.Y. Mar. 18, 2020) (awarding, inter alia, $182.50 in fees for service of process on the New York Secretary of State); Reiter v. Maxi-Aids, Inc., No. 14 Civ. 3712 (SJF) (GRB), 2019 WL 1641306, at *7 (E.D.N.Y. Apr. 16, 2019) (awarding costs for, among other things, process server fees); Swartz v. HCIN Water St. Assocs., LLC, No. 17 Civ. 4187 (ER), 2018 WL 5629903, at *7 (S.D.N.Y. Oct. 31, 2018) (awarding $135 for service of process costs); Ross v. Royal Pizza Café Corp., No. 17 Civ. 6294 (FB) (RML), 2018 WL 6313208, at *7 (Aug. 1, 2018) (awarding $124 in service fees and $27.92 for certified mailings), R&R adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018); Pennacchio v. Powers, No. 05 Civ. 985 (RRM)(RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) ("As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'") (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)). Indeed, actual fees for process servers are specifically enumerated in the Local Civil Rules as taxable

costs. See Local Civ. R. 54.1(c)(10); Am. Tech. Ceramics Corp. v. Presidio Components, Inc., -- F. Supp. 3d --, 2020 WL 5665065, at *31 (E.D.N.Y. Sept. 23, 2020) (noting that Local Civil Rule 54.1(c) "controls insofar as it addresses a particular cost").

Yet, Plaintiff failed to adequately support its costs. "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." Volpe v. Nassau Cnty., No. 12 Civ. 2416 (JFB) (AKT), 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016). Under Local Civil Rule 54.1, the fee applicant must attach as exhibits to his affidavit the "[b]ills for the costs claimed." Local Civ. R. 54.1. Here, Plaintiff's counsel submitted a declaration setting forth an itemized list of the specific costs incurred. See ECF No. 10 ¶ 3. Yet, counsel fails to submit any documentation, such as receipts or invoices, to support the costs incurred. Accordingly, this Court respectfully recommends that the Court deny Plaintiff's request for costs at this time. If Plaintiff subsequently submits sufficient evidence to substantiate costs of $426.80, the request for costs may be granted.

### E. Post-Judgment Interest

Plaintiff requests that any turnover order include an award of post-judgment interest on the judgment. See generally ECF No. 2. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); see Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) ("Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citation & internal quotation marks omitted). Here, Plaintiff's underlying judgment was obtained in the Central District of California. Hence, Plaintiff is entitled to post-judgment interest under Section 1961.

It is well-established that, in calculating or applying such post-judgment interest, the courts do not exercise any judicial discretion. See Tru-Art Sign, 852 F.3d at 223 ("[Section 1961's] terms do not permit of the exercise of judicial discretion in its application.") (citation & internal quotation marks omitted); Philips Lighting Co. v. Schneider, 636 F. App'x 54, 59 (2d Cir. 2016) ("[C]ourts calculating such interest do not enjoy some amorphous equitable power to select a date other than the date of the entry of the judgment to trigger the running of interest, even if their laudable aim is to effectuate the compensatory purpose of the postjudgment [sic.] interest statute[.]") (citation & internal quotation marks omitted). Therefore, Plaintiff is entitled to post-judgment interest.

The amount of post-judgment interest is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Such interest accrues "until the judgment is paid in full." Leon v. Zita Chen, No. 16 Civ. 480 (KAM) (PK), 2017 WL 1184149, at *10 (E.D.N.Y. Mar. 29, 2017). The weekly average one-year constant maturity rate for the week ending on February 21, 2020, the week before the entry of the Judgement, was at a rate of 1.46%. See Federal Reserve System, Data Download Program, "H.15 Selected Interest Rates," https://www.federalreserve.gov/releases/h15/ (noting that the one-year constant maturity rate for February 17, 2020 was not available, February 18, 2020 was 1.47%, February 19, 2020 was 1.47%, February 20, 2020 was 1.46%, and February 21, 2020 was 1.43%); ECF No. 2-4 (Exhibit B) (providing one-year constant maturity rate for February 21, 2020).

This Court respectfully recommends awarding post-judgment interest from February 24, 2020, the date that Judge Gutierrez entered judgment against Judgment Debtor, using the federal

rate set forth in Section 1961. Post-judgment interest accrues at a rate of $4.29 per day on the judgment of $107,314.80 (($107,314.80 * 0.0146) / 365).[5]

## III. CONCLUSION

Based on the foregoing, this Court respectfully recommends that the Court enter a turnover order against TD Bank directing that funds held in accounts 4289365425, 4289366423 and 4789172677 be paid to Plaintiff in an amount sufficient to satisfy the amount of the judgment, $107,314.80, plus post-judgment interest accruing at a rate of $4.29 from February 24, 2020 until the date of payment. Through the end of the objection period on February 19, 2021, Plaintiff would be entitled to post-judgment interest in the total amount of $1,552.98 ($4.29 * 362).[6] For the Court's convenience, a Proposed Order with amounts omitting the reward of costs is annexed as Exhibit A to this report and recommendation.

## IV. OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF. The Clerk of the Court is respectfully requested to mail copies of this report and recommendation as follows: A & T Trading US, Inc. at 58-30 Grand Avenue, Second Floor, Maspeth, NY 11378; A & T Trading US, Inc. at c/o Zhenshu Weng, 23-54 124th Street, College Point, NY 11356; TD Bank, N.A. at Levy Department, P.O. Box 1880, Cherry Hill, NJ 08304; and TD Bank, N.A. at 1701 Route 70 East, Cherry Hill, NJ 08304.

---

[5] Should Plaintiff submit adequate supporting documentation for its costs and the Court grant Plaintiff's request for costs of $426.80, the total amount of the judgment would be increased to $107,741.60 ($107,314.80 + $426.80). In that case, the post-judgment interest would accrue at a rate of $4.31 per day ($107,741.60 * 0.0146) / 365).

[6] Should the Court grant Plaintiff's request for costs of $426.80, Plaintiff would be entitled to post-judgment interest in the total amount of $1,560.22 ($4.31 * 362) through February 19, 2021.

19

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
       February 5, 2021

                                                _____*Vera M. Scanlon*_____
                                                   VERA M. SCANLON
                                         United States Magistrate Judge